```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
UNITED STATES OF AMERICA              :
                                      :
                                      :            11cr875 (DLC)
            -v-                       :
                                      :            OPINION AND ORDER
MIGUEL ORTIZ,                         :
                                      :
                Defendant.            :
                                      :
------------------------------------- X
```

APPEARANCES

For the defendant:
Miguel Ortiz, pro se
Federal Correctional Institution Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

DENISE COTE, District Judge:

Miguel Ortiz brings a renewed request for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the motion is denied.

**Background**

On May 7, 2012, Ortiz was convicted after trial of distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was sentenced on August 9, 2012, principally to 151 months' imprisonment. His conviction was affirmed on appeal. Ortiz's petition for a writ of habeas corpus, asserting ineffective

assistance of counsel, was denied on September 24, 2015, and no certificate of appealability issued.

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG"), on November 13, 2015, this Court reduced Ortiz's sentence to 135 months' imprisonment. Ortiz's original Criminal History Category was II and his offense level was 34, leading to a guidelines range of 168 to 210 months. With a reduction of the offense level to 32 following Amendment 782, the guidelines range became 135 to 168 months.

In his 2015 motion, Ortiz had sought a sentence of 121 months' imprisonment based on an amended offense level of 32 and a Criminal History Category of I. In making this argument, Ortiz used the Criminal History Category of I because, at his sentencing, the Court had departed from Criminal History Category II, finding that Criminal History Category II overstated the seriousness of his criminal record. In the November 13, 2015 Order, the Court explained that Ortiz's motion for a reduced sentence had to be determined based on the applicable guidelines range that "is determined before consideration of any departure." See Application Note 1(A)to Guidelines § 1B1.10(b)(1). Ortiz did not enter a timely appeal of the November 2015 Order.

2

In a renewed motion for a reduction of sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2), filed on July 23, 2019, Ortiz again seeks a reduction of his sentence to 121 months' imprisonment. On August 30, Ortiz filed a supplement to his renewed motion, providing additional argument in support of his request for a 121-month sentence. In both documents, Ortiz disagrees with the analysis in the November 13, 2015 Order.

## Discussion

Ortiz argues that his "applicable guideline range" must incorporate the Criminal History Category departure he received at his original sentencing. First, Ortiz is not permitted to challenge the reasoning in the November 13, 2015 Order through a renewed § 3582(c)(2) motion. Second, even if Ortiz's motion is procedurally sound, his motion is denied for the same reasons stated in the November 13, 2015 Order.

Ortiz largely repeats the arguments he made in his first motion. The Second Circuit has yet to decide whether successive petitions are available under § 3582(c)(2), but it has implied that such petitions are permitted. See Simon v. United States, 359 F.3d 139, 144 (2d Cir. 2004) (holding that a district court could not convert a § 3582 motion into a § 2241 habeas petition without notifying the defendant because the defendant might be prejudiced by the restriction against successive habeas

petitions). Some circuit courts have expressly held that § 3582(c)(2) allows successive petitions if the Government does not timely object to the later request. See, e.g., United States v. Calton, 900 F.3d 706, 710-11 (5th Cir. 2018); United States v. Caraballo-Martinez, 866 F.3d 1233, 1245-46 (11th Cir. 2017). Other courts of appeals, however, have held that a defendant does not have multiple opportunities to move for sentence reduction under the same USSG amendment. The Seventh Circuit Court of Appeals, for instance, held that "prisoners have only one bite at the apple per retroactive amendment to the sentencing guidelines." United States v. Beard, 745 F.3d 288, 292 (7th Cir. 2014). If a prisoner is unsatisfied with the ruling in a § 3582(c)(2) proceeding, he may timely appeal it. "But he may not . . . later[] ask the district court to reconsider its decision." United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010).

If there were any deficiency with the November 13, 2015 Order, Ortiz was required to raise that argument on direct appeal. He may not attack that decision through a successive § 3582(c)(2) motion. Ortiz not only moves for a sentence reduction under the same USSG amendment, he puts forth a nearly identical argument to support his motion.

Even if this successive petition were properly filed, for the reasons given in the November 13, 2015 Order, Ortiz's renewed motion would be denied. The departure he received at his initial sentencing under Guidelines § 4A1.3 was a departure "from the applicable guideline range," not a factor in the calculation of the guideline range. United States v. Montanez, 717 F.3d 287, 292 (2d Cir. 2013) (holding that "a defendant's amended guideline range does not incorporate any previously granted departure under § 4A1.3"); United States v. Erskine, 717 F.3d 131, 137 (2d Cir. 2013) (reasoning that § 1B1.10 prohibits sentence reductions below the bottom of the amended range regardless of "earlier-applicable variances or departures"). For purposes of applying the retroactive amendment, Ortiz's Criminal History Category is II, the basis for his guideline range before the departure. He is not entitled to an additional sentencing reduction.

## Conclusion

Ortiz's July 23, 2019 motion for a reduced sentence is denied. Because Ortiz has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant

5

to 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444 (1962).

Dated:    New York, New York
           February 14, 2020

                                                     _____
                                                           DENISE COTE
                                              United States District Judge

Copy Mailed to:
Miguel Ortiz
Federal Correctional Institution Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640